JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Abel Olobatuyi appeals from his conviction after a jury found him guilty of abduction.
 {¶ 2} Appellant presents one assignment of error in which he asserts his conviction is against the manifest weight of the evidence. This court disagrees. Consequently, his conviction is affirmed.
 {¶ 3} Appellant's conviction results from an incident that occurred on the winter evening of January 20, 2006. The victim, Callie Carrera, provided the following description of the incident.
 {¶ 4} Carrera, a college student, was attending a party, her second of the evening, at the Edgewater Landing apartment building with two female friends, fellow students Jillian Lucaska and Natalie Wilson. The young women were in another student's apartment on the fourth floor.
 {¶ 5} Soon after their arrival, since the leaseholder, Carlos Laboy, did not permit it, Carrera and Lucaska went to the stairwell in order to smoke cigarettes. Each of the women began talking on her cellular telephone, so they moved apart to allow one another some privacy. Lucaska descended to a lower level.
 {¶ 6} Carrera stated she finished her conversation and noticed a man enter the stairwell. She commented that she hoped he would not "turn them in" *Page 4 
for smoking in a non-smoking building, then stated more loudly, for Lucaska's benefit, that she had to use the bathroom. The man offered that she could use his bathroom, and took her arm to lead her out of the stairwell to a nearby apartment. Carrera noticed the number on the door as the man, later identified as appellant, let her inside.
 {¶ 7} Appellant showed her to his bathroom, but before she had quite finished there, he began forcing his way in; she had to place her foot against the door to prevent his entry. When she finally released the door to open it, appellant stood before her, shirtless. He pulled her out of the bathroom, pushed her down onto an air mattress that lay on the floor, and climbed on top of her, stating that he "just wanted to get to know" her.
 {¶ 8} Carrera testified that she told him, "No," and struggled to rise, but appellant kept placing his hands on whichever body part she attempted to use, even "butting" his head against her. After about a minute, she suggested that he should go with her to the party, but that he would have to put his shirt back on. Appellant eventually released her to retrieve his shirt. Carrera immediately took the opportunity to run to the apartment door, unlock it, and escape.
 {¶ 9} She obtained help when she encountered the building's security guard, and the incident was reported to the police. Carrera provided a written statement to the detectives assigned to investigate the case. Her recollection of *Page 5 
the apartment number led to their identification of appellant as the leaseholder. The detectives then assembled a photographic array with appellant's picture among six other similar-looking men who also lived in and around the building. "Without hesitation," Carrera chose appellant's photo as the man who attacked her.
 {¶ 10} Appellant subsequently was indicted on one count of kidnapping. His case proceeded to a jury trial. The state presented the testimony of Carrera, the two female friends, the young man who hosted the party, the building manager, and one of the detectives assigned to investigate the case. The state additionally introduced into evidence the photographic array from which Carrera had identified appellant as her assailant.
 {¶ 11} Thereafter, the trial court denied appellant's motion for acquittal. Appellant elected to present no evidence. Over his objection, the trial court instructed the jury not only as to the elements of kidnapping, but also as to the elements of the lesser-included offense of abduction.
 {¶ 12} The jury ultimately found appellant not guilty of kidnapping, but guilty of the lesser-included offense of abduction. The trial court subsequently imposed a one-year term of incarceration for appellant's conviction.
 {¶ 13} Appellant appeals his conviction with the following assignment of error. *Page 6 
 {¶ 14} "I. The jury erred to the prejudice of the Defendant-Appellant when it returned a verdict of guilty against the manifest weight of the evidence."
 {¶ 15} Appellant argues that, because Carrera admitted she had been drinking, her testimony about the night of the incident was too incredible to believe, and that her identification of him as the perpetrator was unreliable; therefore, his conviction should be reversed.
 {¶ 16} With regard to reviewing the weight of the evidence, this court is required to consider the entire record and determine whether in resolving any conflicts in the evidence, the jury "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 17} This court must be mindful, however, that the weight of the evidence and the credibility of the witnesses are matters primarily for the jury to consider. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 18} The jury found Jennings guilty of violating R.C. 2905.02, Abduction, which states in pertinent part:
 {¶ 19} "(A) No person, without privilege to do so, shall knowingly do any of the following: *Page 7 
 {¶ 20} "***
 {¶ 21} "(2) By force or threat, restrain the liberty of another person, under circumstances which create a risk of physical harm to the victim, or place the other person in fear;***."
 {¶ 22} Carrera indicated during her testimony that, from the time that appellant pulled her from the bathroom and pushed her down on his mattress, he had his hands on her. Although the way in which she was being held was not fully described in the transcript, she clearly demonstrated the hold for the jury's benefit. Carrera testified appellant released his hold on her only when she suggested he put his shirt back on and come with her to the party.
 {¶ 23} Carrera further indicated that the incident occurred so unexpectedly that her thought processes did not keep up with the circumstances. She stated that during the brief struggle, she "was terrified." Her struggle to escape from appellant's attentions remained unsuccessful until she thought of a ruse to distract him.
 {¶ 24} Her description of the incident found corroboration in the other evidence presented at trial. Lucaska heard Carrera call out that she needed to use the bathroom, saw the hands of a man leading Carrera away from the stairwell, and, just afterward, discovered Carrera's cellular telephone and her wallet, apparently "abandoned," on the landing. *Page 8 
 {¶ 25} Both Wilson and Laboy remembered seeing Carrera step out of the apartment with Lucaska for a cigarette break, and then, after a time, return alone, upset and tearful. The detective testified that after a photograph of appellant was obtained and placed into a photo array, Carrera immediately chose it as the face of her attacker.
 {¶ 26} From the foregoing, this court cannot find the jury lost its way in determining Carrera gave a truthful account of the incident, and that appellant was guilty of violating R.C. 2905.02. State v.Kvasne, 169 Ohio App.3d 167, 2007-Ohio-5235, ¶ 65, citing State v.Kleybort, Cuyahoga App. No. 81350, 2003-Ohio-1162.
 {¶ 27} Appellant's assignment of error, accordingly, is overruled.
 {¶ 28} His conviction for abduction is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to *Page 9 
Rule 27 of the Rules of Appellate Procedure.
 MARY JANE BOYLE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR. *Page 1